# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN VALENTE,

      Plaintiff,       :       Case No. 3:07-cv-473

   -vs-       Chief Magistrate Judge Michael R. Merz

      :

UNIVERSITY OF DAYTON
 SCHOOL OF LAW, et al.,

      Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

This case is before the Court on Plaintiff's Motion for a Temporary Restraining Order, filed January 18, 2008. Although Plaintiff requested relief ex parte as is permitted by Fed. R. Civ. P. 65, the Court was able to conduct a hearing on the Motion at 3:45 p.m. at which Defendants were represented by their trial counsel of record.

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case has been referred on that basis.

The factors to be considered in determining whether to issue a preliminary injunction are

    1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;

    2) Whether the plaintiffs have shown irreparable injury;

    3) Whether the issuance of a preliminary injunction would cause substantial harm to others;

    4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The same factors govern the issuance of a temporary restraining order, with special emphasis on the question whether a plaintiff will suffer irreparable harm before the Court can hear the preliminary injunction motion.

During the course of the hearing, the Court advised it could hear the preliminary injunction motion on February 4, 2008, and asked the parties to focus on the harm that could occur prior to that hearing. Plaintiff seeks to enjoin Defendants and those acting in concert with them from commencing or continuing an investigation of the Plaintiff for alleged violations of the University of Dayton School of Law's Honor Code. While the facts are not fully before the Court at this time, it appears that one or more law students have made an accusation or accusations against the Plaintiff of acts which are believed, if proved, to constitute violations of the UDSL Honor Code. Plaintiff asserts and Defendants do not deny that, if found to have violated the Honor Code, Plaintiff would be subject to serious discipline, which might include expulsion from the law school. While that would be a serious consequence, it is asserted by Defendants and not denied by Plaintiff that the investigation is at a very preliminary stage. That is, three investigators have been appointed by the President of the Honor Council to investigate the allegations in what appears to be a sort of preliminary examination or grand jury stage: their conclusion of something like "probable cause" is apparently necessary for the proceedings to advance to the next stage.

The Court concludes Plaintiff has not shown the likelihood he will be subjected to irreparable harm by this Court's allowing the investigation to go forward between now and the preliminary injunction hearing. Indeed, it may be that the investigators will exonerate Plaintiff in that time. In any event, there is no proof Plaintiff will suffer any harm in the interim other than being

investigated.

At this stage of the proceedings, moreover, the Court cannot say that Plaintiff has demonstrated likely success on the merits. His claim made in the temporary restraining order motion papers is that UDSL has violated the Honor Code by refusing to appoint as an investigator the person he named, Aleania Smith. Despite the language of the Honor Code on which Plaintiff relies which appears to give the student being investigated the right to name one of the three investigators, the Honor Council President has declined to appoint Ms. Smith because it is believed, not unreasonably, that she may be a witness in the matter.

However, the Complaint in this case does not assert any claim for relief related to the content or administration of the Honor Code. Indeed, at the hearing, Plaintiff was unable to articulate clearly what claim for relief he was prepared to assert in that regard. Before Plaintiff can prevail in his quest for preliminary injunctive relief, he must relate that request to some claim for relief over which this Court has jurisdiction. In other words, a court of equity does not acquire authority to regulate all the relations between two parties to a lawsuit just because it had acquired jurisdiction over some dispute between them. Prior to the preliminary injunction hearing, Plaintiff must tender an amended complaint which states some claim for relief to which the asserted violation of the Honor Code relates.

Plaintiff's Motion for Temporary Restraining Order is DENIED. This case is set for hearing on Plaintiff's motion for preliminary injunction, not yet filed, at 9:30 A.M. on Monday, February 4, 2008.

January 19, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge